# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| LARRY WILLIAM WEAVER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendants. | Cause No. CV 12-00069-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on William Larry Weaver's "Motion to Reinstate U.S. Constitutional Rights." (Dkt. 1). Mr. Weaver contends that in October 1997 he was illegally extradited from the State of Georgia to Montana. The Court has construed Mr. Weaver's Motion as a civil complaint filed pursuant to 42 U.S.C. § 1983 seeking relief as a result of an alleged violation of his constitutional rights.

Mr. Weaver has not filed a motion to proceed in forma pauperis. But "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Given the frivolity of Mr. Weaver's filing, the Court recommends the matter be summarily dismissed.

Mr. Weaver's claims are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1).

Mr. Weaver is complaining about an incident which occurred nearly fifteen years ago. Any claims which Mr. Weaver might have regarding the manner in which he was extradited to Montana are barred by the applicable statute of limitations. This is not a defect which could be cured by amendment. Accordingly, Mr. Weaver's Complaint should be dismissed with prejudice.

## "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because the failure to file within the applicable statute of limitations

constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007).

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good

faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The finding that Mr. Weaver failed to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Weaver should not be allowed to proceed in forma pauperis and his Complaint should be **DISMISSED** for failure to file within the applicable statute of limitations. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Weaver's failure to file within the applicable statute of limitations.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Weaver's failure to file within the applicable statute of limitations is so clear no

reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Weaver may serve and file written objections to these Findings and Recommendations within fourteen days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Weaver files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding.  In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Mr. Weaver from relying on that fact or argument at a later stage of the proceeding.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of May, 2012.

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge