

FILED

JUN 05 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| WILLIAM LARRY WEAVER, | ) | CV 12-69-M-DLC-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| STATE OF MONTANA, | ) | |
| Defendants. | ) | |

Plaintiff William Larry Weaver has filed a Complaint under 42 U.S.C. § 1983 alleging he was unconstitutionally extradited from the State of Georgia to Montana to face homicide charges in 1997. Weaver is a state prisoner proceeding *pro se*.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that

statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice as time-barred under the three-year statute of limitations for claims filed under 42 U.S.C. § 1983. Because the conduct Weaver complains of occurred nearly fifteen years ago, Judge Lynch determined that the untimeliness of the Complaint is a defect that cannot be cured by amendment.

Plaintiff Weaver timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Weaver's objections fail to address the legal basis for Judge Lynch's Findings and Recommendations. He argues for the opportunity to make a showing of actual innocence, but a showing of actual innocence does not enable a plaintiff to escape the application of the statute of limitations for a § 1983 claim. Moreover, Plaintiff received a full opportunity to establish actual innocence on a petition for habeas corpus filed in this Court under case number CV 06-94-M-DWM, in which United States District Judge Donald W. Molloy concluded that Weaver failed to meet the actual innocence standard.

Upon de novo review, the Court can find no clear error with Judge Lynch's

Findings and Recommendations (Doc. No. 2) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE as barred by the statute of limitations.

IT IS FURTHER ORDERED that Weaver's motion for appointment of counsel (Doc. No. 4) is DENIED as moot.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 5th day of June, 2012.

Dana L. Christensen, District Judge
United States District Court